HIGGINS MILL & ELEVATOR COMPANY v. R. W. GOSSETT ET AL

Decided February 9, 1910.

**1.—Contract—Sale.**

Evidence considered and held sufficient to show a completed contract in writing, by letters and telegrams for sale of a car load of cane seed.

**2.—Same—Parol Evidence—Technical Terms.**

Parol evidence is admissible to show the technical or special meaning of words used in a written contract, as "shipping instructions" in a contract of sale.

**3.—Pleading—Justice Court—Parties.**

The omission by clerical error in the statement on the docket of the name of one of the members of the plaintiff firm, which was properly given in the citation and judgment in Justice Court, does not make it error to render judgment in his favor on the trial on appeal.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*W. A. Barlow,* for appellant.—The written evidence introduced on the trial of this cause does not include all the terms necessary to constitute an agreement. The court, therefore, erred in concluding, as matter of law, that they had entered into a binding contract. Seley & Early v. Williams, 20 Texas Civ. App., 405; San Antonio Gas & Elec. Co. v. Marx, 87 S. W., 1166; Jackson & Bro. v. Butler, 21 Texas Civ. App., 379; Simkins on Contracts, 2; 1 Page on Contracts, sec. 27.

If the meaning of a written instrument is clear, a trade usage can not change the meaning of the words or add incidents so as to vary or add to its meaning; the words "shipping instructions," as used by defendant to plaintiffs in the letter introduced in evidence, taken in its connection, being clear of ambiguity, it was for the court to construe, and was error to permit the plaintiff to construe same for the court. 2 Page on Contracts, secs. 1108, 1111; Deacon v. Mattison, 91 N. W., 35; Fairly v. Wappoo Mills, 29 L. R. A., 215; 1 Elliott on Evidence, sec. 605; 9 Ency. of Evidence, 383.

The court committed fundamental error in rendering judgment in favor of R. W. Gossett, C. B. Challenner and W. H. Gossett, for the reason that the pleadings show R. W. Gossett and C. B. Challenner alone to be the plaintiffs. Dunlap v. Sutherlin, 63 Texas, 38; Houston, E. & W. T. Ry. Co. v. Skeeter Bros., 44 Texas Civ. App., 105.

*O. E. Roberts,* for appellees.—Any words in a contract having a technical or special meaning may have such meaning explained by parol evidence, and this is not a variation of the terms of the writing, but a proper means of reaching the meaning of same. Because common words are used in a phrase which is shown to have a special meaning among any particular class of persons, such as tradesmen using the same, is no reason why such special or technical use can not be explained, not modified or changed, by parol evidence. Rev. Stats., art. 1603; International & G. N. R. Co. v. Philips, 63 Texas, 590; Rector v. Orange Rice Mill, 100 Texas, 591; Townes' Texas Pleading, 286.

The citation issued by the Justice Court in the case shows R. W. Gossett, C. B. Challenner and W. H. Gossett originally instituted the suit; judgment was rendered against all three of these parties in the Justice Court, and the written demand filed in the Justice Court was also in favor of W. H. Gossett. The docket entry cited in appellant's statement is a clerical error.

FISHER, CHIEF JUSTICE.—This is an action for damages brought by appellees, as partners, under the firm name of the Taylor Produce Company, against the appellant mill and elevator company, for an alleged breach of contract to deliver to appellees at Taylor, Texas, a carload of cane seed, to be made up of one-fourth amber and three-fourths red top. Suit was originally brought in the Justice Court and the case was tried there, which resulted in a judgment for the ap-

pellants herein. The case was appealed to the County Court and judgment was rendered in favor of R. W. Gossett, C. B. Challenner and W. H. Gossett, against the appellant for the sum of $185.50.

The appellant has this statement in its brief: "Preliminary to a formal consideration of the assignments of error, we beg to suggest that the appellees brought their suit upon an alleged written contract, and this appeal presents but three questions for consideration: 1st. Does the written evidence introduced on the trial of this case establish a contract? 2d. If not, then did the trial court commit an error in admitting, over appellant's objection, the testimony of R. W. Gossett, one of the plaintiffs, supplementing said written evidence by giving his explanation of the expression 'shipping instructions,' contained in one of appellant's letters to appellees? 3d. Does the judgment rendered by the court conform to the pleadings and evidence?"

Appellant's first assignment of error complains of the conclusion of law of the trial court in holding that the parties had entered into a contract, by the terms of which defendant was bound to ship to plaintiffs one car of amber and red-top cane seed by February 10, 1908, according to instructions furnished by plaintiffs to defendant, and in rendering judgment in favor of plaintiffs against the defendant. Waiving the question that this assignment is irregular in attempting to require the court to pass upon the facts upon a complaint as to a conclusion of law, we will nevertheless consider it in connection with the facts. The contract in question, relating to the shipment, was based upon letters and telegrams that passed between the appellant and the appellees. The trial court held that the evidence was sufficient to show a completed contract; in other words, an agreement upon the part of appellant to ship and deliver the seed in question to appellees at Taylor, Texas, at a certain named price and of a certain quality, and that the appellant had breached the contract. The evidence justifies this conclusion.

The second assignment complains of the action of the court in admitting the evidence of the witness R. W. Gossett, to the effect that the expression "shipping instructions" used in one of the letters from defendant to appellees had a special meaning, which meaning he testified to. The contention of the appellant is that this testimony was not admissible because the contract, being in writing, it would vary its terms to permit a witness to explain the meaning of the expression "shipping instructions." It is true that the letters and telegrams constitute a written contract, and there is contained in one of the letters the expression "shipping instructions." The witness testified to the fact that this expression had a special meaning, and testified as to what that was. It is not a violation of the rule to admit parol evidence to explain an expression in a contract that has a technical or a special meaning. If the expression is a matter commonly understood it needs no explanation, but if it is a term that is not of that class, but has a special significance, it can be explained. It is often done, and it is permissible to do so to explain technical terms employed in a written agreement. That was the effect of this evidence.

There is nothing in appellant's fifth assignment of error, which is submitted as a proposition, and which they term as fundamental er-

ror, on account of the fact that they claim that the court erred in rendering judgment in favor of R. W. Gossett, C. B. Challenner and W. H. Gossett, for the reason that the pleadings showed R. W. Gossett and C. B. Challenner alone to be the plaintiffs. This question is explained by the record. It is clear from the record that all three of the parties named in the judgment were parties to the suit as parties plaintiff; and the omission in the statement of the issues presented in the County Court to name W. H. Gossett as a party was clearly a clerical error, and is corrected by other parts of the record.

We find no error in the judgment and it is affirmed.

*Affirmed.*